IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

**PATRICK RYAN,**

    Plaintiff,

v.

    No.: _____

**CITY OF SPRING HILL, TENNESSEE,**

    JURY DEMAND

    Defendant.

## COMPLAINT

PLAINTIFF, PATRICK RYAN, brings this action against the Defendant.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over Plaintiff. The Court has personal jurisdiction over Defendant, who is a municipal subdivision of the State of Tennessee, located in Maury County, Tennessee. Defendant owns and operates the Spring Hill Police Department ("SHPD"). Defendant may be served with process by serving its city attorney, Patrick Carter, 102 W. 7th Street, Columbia, Tennessee, 38401, or by serving its City Administrator, Pam Caskie, 199 Town Center Parkway, Spring Hill, Tennessee 37174.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because a substantial part of the alleged events or omissions giving rise to this action occurred in this

district.

4. Plaintiff is a former employee of Defendant. During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. Defendant is a covered employer under the FLSA.

## II. INTRODUCTION

6. Plaintiff asserts claims for unpaid overtime in violation of the FLSA and for FLSA retaliation.

## III. FACTUAL BASIS FOR SUIT

7. Plaintiff began working for Defendant as a police officer in or around 2019.

8. Plaintiff became a canine officer with Defendant in or around late 2020.

9. As part of his duties as a canine officer, Plaintiff was required to care for his dog, Narco, outside of his regular work shift.

10. The FLSA entitled Plaintiff to overtime compensation for the time he spent over and above his regular work shift hours caring for his canine Narco.

11. Defendant often worked overtime for which he was not paid.

12. Defendant was not paying Plaintiff in accordance with the requirements of the FLSA.

13. On or about November 2, 2022, Plaintiff, by and through his undersigned attorney Jerry E. Farmer, sent a letter to Defendant attempting to be paid in accordance with the FLSA. A copy of this letter is attached to this Complaint as Exhibit 1, and incorporated by this reference as though fully set forth herein.

14. A little over two weeks later, Defendant adjusted Plaintiff's pay but still did not pay Plaintiff in accordance with the FLSA.

15. After receiving the letter, Defendant took actions or omitted to take actions all with a design to discourage Plaintiff from insisting on full compensation under the FLSA.

16. Notwithstanding Defendant's attempts at discouraging Plaintiff, Plaintiff persisted until Plaintiff and Defendant entered into a compromise agreement whereby Defendant paid Plaintiff an amount less than the amount required by the FLSA, but more than the amount Defendant had theretofore been willing to pay, and Plaintiff agreed to accept that amount.

17. Thereafter, as hereinbelow more fully described, Defendant took actions aimed at fabricating a reason to discharge Plaintiff from his employment for cause, when the real reason was to cover up Defendant's intent to discharge Plaintiff in retaliation for asserting his rights under the FLSA.

18. On or about February 8, 2023, Plaintiff responded to a call at the Home Depot in Spring Hill (the "Home Depot" call).

19. Plaintiff's response to the Home Depot call resulted in the arrest of a suspect for narcotics possession following a deployment by Plaintiff of his canine.

20. All of Plaintiff's actions during the Home Depot call were appropriate, and within the bounds of the law and those of the Defendant's policies, procedures, and general orders.

21. Subsequent to the Home Depot call, Defendant's Deputy Chief Kenneth Seibold ("Seibold") engaged in a review of video of Plaintiff's response, and determined that "the processes and procedures Ryan utilized were not in compliance with our department policies."

22. Seibold thereafter, on or about February 9, 2023, engaged in review of other videos of prior incidents responded to by Ryan and determined that those instances "raised concerns regarding conduct unbecoming of the employee [sic], honesty and truthfullness [sic],

obstruction of rights, performance of duties, and false or inaccuarate [sic] reports."

23. Seibold filed a "Formal Complaint" on February 10, 2023.

24. The Formal Complaint alleged "Conduct unbecoming, Honesty and truthfulness, Obstruction of rights, Performance of duties, False or inaacurate [sic] reports."

25. The Formal Complaint was filed by, and received by, the Deputy Chief on February 10, 2023.

26. The Formal Complaint was assigned, on February 13, 2023, to Lt. Robert Carden ("Lt. Carden") to investigate.

27. Lt. Carden began his investigation on or about February 13, 2023.

28. Lt. Carden noted that Plaintiff was placed on administrative leave on or around February 13, 2023.

29. During the Home Depot incident, Home Depot had asked SHPD to respond to a male who was acting suspiciously, causing Home Depot to be concerned about theft.

30. In connection with the patrol response, SPHD also dispatched Plaintiff, because according to Carden, "there has been a strong nexus between retail theft and narcotics recently."

31. Once on scene, Plaintiff released Narco so that Narco could relieve himself in the Home Depot parking lot. The responding officers had been told by Home Depot which car in the parking lot was the suspect's car. While roaming free in the parking lot, Narco alerted on the suspect's car.

32. Carden noted in his report that "there were some concerns on how it was being reported. There was confusion as to whether or not the K-9 Narcotic Detection Dog, Narco, was being allowed relieve [sic] himself and he just happened to alert on a suspect's vehicle, or if this

was in fact an open-air search of a private property parking lot. This initially generated the interest in the case, and spurned [sic] the review of Body Worn Camera footage (BWC)."

33. After reviewing video from prior incidents, interviewing other officers, and requesting input from two assistant district attorneys, Lt. Carden concluded that "there is sufficient evidence to support violations of the following policies:

    "300.8.1A(9) Conduct Unbecoming

    "300.8.1A(13) Honesty and Truthfulness

    "300.8.1A(15) Obstruction of Rights

    "300.8.1A(37) Performance of Duties

    "300.8.1A(48) False or inaccurate reporting"

34. Lt. Carden's conclusions were false.

35. Plaintiff was wrongfully discharged for alleged misconduct.

36. Plaintiff did not engage in any wrongful conduct as alleged by Defendant.

37. Defendant's purported reason for terminating Plaintiff is false.

38. Defendant's real reason for terminating Plaintiff was to retaliate against Plaintiff for asserting his rights to overtime compensation under the FLSA.

39. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

40. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107. In the alternative, employees of municipalities can be given comp time.

41. Plaintiff was regularly and repeatedly not compensated for overtime hours worked in obvious violation of the law

## IV.  CAUSES OF ACTION

42. Plaintiff brings a cause of action for unlawful, intentional, and malicious retaliation for his protected activity under the FLSA.

43. Plaintiff additionally brings a claim for Defendant's willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## V.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

An award to Plaintiff for back pay and benefits, front pay and benefits, compensatory damages for pain and suffering and humiliation and embarrassment in an amount to be proven at trial for Defendant's intentional and malicious retaliation;

An award to Plaintiff of damages in the amount of unpaid compensation to be proven at trial.

An award to Plaintiff of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to him pursuant to 29 U.S.C. § 216(b);

An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

A trial by jury; and

An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted this the __7th__ day of ___August___, 2023.

/s/ Kerry Knox
_____
Kerry Knox (TN Bar No. 023302)
kek@castelliknox.com
117 South Academy Street
Murfreesboro, TN 37130
Telephone: (615) 896-1000
Facsimile: (615) 896-1027

&

/s/ Jerry E. Farmer
_____
Jerry E. Farmer (TN Bar No. 017180)
jerry.farmer@comcast.net
1535 W. Northfield Blvd. #8
Murfreesboro, TN 37129
Telephone: (615) 397-9616
Facsimile: (615) 503-8740

7